IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY SIMMONS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 23-CV- |
| | : | |
| KIMBERLY WEBB; KIMBERLY WEBB | : | |
| d/b/a KIMS PLUMBING; and HOME | : | |
| DEPOT USA, INC. | : | |

**NOTICE FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441**

Defendant, Home Depot U.S.A., Inc. (misnamed above, Home Depot USA, Inc.) ("Home Depot"), hereby submits notice to the United States District Court for the Eastern District of Pennsylvania of the removal of the above entitled action to this Court and, in support thereof, respectfully represents:

1. Home Depot is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business located in the State of Georgia.

2. Upon information, knowledge, and belief, Plaintiff, Troy Simmons, is an adult individual and citizen and resident of the Commonwealth of Pennsylvania, residing at 1950 South Ithan Street, Philadelphia, PA 19143, and domiciled at that address.

3. Upon information, knowledge and belief, Defendant, Kimberly Webb (singularly, "Webb"), is an adult individual and citizen and resident of the State of New Jersey, residing at 207 Maple Street, Clayton, NJ 08312, and domiciled at that address.

4. Upon information, knowledge and belief, Defendant, Kimberly Webb d/b/a Kims Plumbing ("Kims Plumbing") is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business, located in the State of New Jersey.

5. At all times material hereto, Home Depot was duly registered to do, and was doing, business in the Commonwealth of Pennsylvania.

6. On or about July 29, 2022, Plaintiff initially filed a Complaint ("Federal Complaint") in the United States District Court for the Eastern District of Pennsylvania as of Civil Action No. 22-CV-02981, a copy which is attached hereto as Exhibit "A."

7. On or about November 4, 2022, upon consideration of Plaintiff's motion for default against Home Depot, The Honorable Timothy J. Savage entered an Order dismissing the Federal Complaint against Home Depot, without prejudice, for Plaintiff's failure to properly serve the Federal Complaint upon Home Depot. A copy of said Order is attached hereto as Exhibit "B."

8. On or about December 9, 2022, upon consideration of Plaintiff's request for a continuance, The Honorable Timothy J. Savage entered an Order denying the request and the Federal Complaint was closed. A copy of said Order is attached hereto as Exhibit "C."

9. On or about July 10, 2023, Plaintiff instituted the above action, by way of Complaint ("State Court Complaint"), a copy of which is attached hereto as Exhibit "D," in the Pennsylvania Court of Common Pleas, Philadelphia County, July Term, 2023; No. 00791, seeking damages for injuries Plaintiff purportedly sustained as a result of Home Depot's alleged negligence.

10. Plaintiff filed this matter as a major non-jury case, seeking damages in excess of $75,000.00, exclusive of interest and costs, as noted in the ad damnum clauses in all five counts of the Complaint.

11. As Plaintiff's is expressly seeking damages in excess of $75,000.00, exclusive of interests and costs, the injuries alleged within the four corners of the Complaint establish the amount in controversy. The court's determination of the amount in controversy "is not measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights." Hamm v. Allstate Prop.& Cas. Ins. Co., 908 F.Supp.2d 656, 663 (W.D. Pa. 2012) (citing Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993)).

12.     As the Complaint seeks damages in excess of $75,000.00, exclusive of interest and costs, the jurisdictional minimum has been met. McMillan v. Wilkie Trucking Inc., No. 13-7104, 2014 WL 695583, at *2 (E.D. Pa. Feb. 21, 2014) ("The complaint need not state a dollar amount to put a defendant on notice that the amount in controversy exceeds $75,000 . . . ."); Johnson v. Tesla Motors, Inc., No. 13–5106, 2013 WL 5834442, at *2 (E.D. Pa. Oct. 30, 2013) ("Rather, the 30–day period begins to run when a defendant can reasonably and intelligently conclude that the amount in controversy exceeds the jurisdictional minimum.").

13.     Diversity of citizenship exists between Plaintiff, a resident of the Commonwealth of Pennsylvania, Home Depot, a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in the state of State of Georgia, Webb, a resident of the State of New Jersey, and Kims Plumbing, a New Jersey corporation with a principal place of business in New Jersey.

14.     There is no counsel who has entered an appearance for Webb or Kims Plumbing.

15.     Diversity of citizenship existed at the time the action sought to be removed was commenced and continues to the time of the filing of this Notice. Therefore, as to said claim and cause of action, Home Depot is entitled to removal pursuant to 28 U.S.C. §1441, *et seq.*

16.     This Notice of Removal is timely under 28 U.S.C. §1446(b) as it is being filed within thirty (30) days after service of the Complaint on Home Depot.

WHEREFORE, the above action now pending against Defendant, Home Depot U.S.A., Inc., in the Pennsylvania Court of Common Pleas, Philadelphia County is removed therefrom to this Honorable Court.

> Respectfully submitted,
>
> CHARTWELL LAW
>
> BY: *J. Grant Stringham*
> J. GRANT STRINGHAM, ESQUIRE,
> I.D. No. 319317
> 130 No. 18th Street, 26th Floor
> Philadelphia, PA  19103
> (215) 972-7006
>
> Attorney for Defendant,
> Home Depot U.S.A., Inc.

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| | )   SS: |
| COUNTY OF PHILADELPHIA | ) |

## **AFFIDAVIT**

J. GRANT STIRNGHAM, ESQUIRE, being duly sworn according to law, deposes and says that he is the attorney for Defendant; that he has read the foregoing Notice and knows the contents thereof; that he is authorized to make this Affidavit on behalf of Defendant; and, that the facts alleged in the Notice are true and correct to the best of his knowledge, information and belief.

*J. Grant Stringham*
_____
J. GRANT STRINGHAM, ESQUIRE

SWORN TO and SUBSCRIBED

Before me, this <u>9th</u> day of

<u>August</u>, 2023.

*Dori Conway*
_____
Notary Public
My Commission Expires: October 3, 2023
Commission Number 1236821