# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY SIMMONS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **HOME DEPOT U.S.A., INC., KIMBERLY** | : | |
| **WEBB and KIMBERLY WEBB d/b/a** | : | |
| **Kim's Plumbing** | : | **NO. 23-3061** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                          **October 24, 2023**

In this second action arising out of the same motor vehicle accident and naming the same defendants, plaintiff Troy Simmons moves to amend his complaint to add a new defendant after the statute of limitations has expired. He relies on Fed. R. Civ. P. 15(c) that allows an amendment to relate back under certain circumstances.

We conclude that relation back is not permissible because Pennsylvania does not allow amendment to add a defendant after the statute of limitations has expired. Even if it was permitted, the proposed new defendant had no actual or imputed notice of the action and had no reason to know that but for a mistake he would have been a defendant. Therefore, because the plaintiff's proposed amendment does not relate back under Rule 15(c), the motion to amend will be denied.

## Background

In both complaints, Simmons alleges that on August 26, 2021, around 10:00 a.m., his vehicle was hit by a truck rented from Home Depot and operated by Kimberly Webb.[1] The police report records the time of the accident as 11:51 a.m.[2] Home Depot identified

---

[1] Compl. ¶¶ 7-9, ECF 1-1; *Simmons v. Webb et. al.*, No. 2:22-cv-2981 (E.D. Pa. filed July 29, 2022).

[2] Motion For Leave to Amend Compl. ¶ 5, ECF No. 17.

Kimberly Webb as the lessee of the truck at 11:50 a.m.[3]  Plaintiff modified his request, changing the time, on August 29, 2023.[4]  Home Depot later identified William Hill as the lessee from 8:36 to 9:45 a.m.[5]

Simmons now moves to amend the complaint to join William Hill as a defendant.[6]  To overcome the expiration of the statute of limitations, he seeks to relate back the addition of William Hill to the date he filed the complaint.

## Analysis

The motion to amend fails for two reasons.  First, Pennsylvania law does not allow amendments to add a party after the statute of limitations has expired.  Second, Simmons has not demonstrated that Hill, the proposed new defendant, had the notice of the action required by Fed. R. Civ. P. 15(c)(1)(B)-(C).

The Pennsylvania statute of limitations governing personal injury claims is two years. 42 Pa. Cons. Stat. § 5524(7).  Here, the statute of limitations expired on August 26, 2023, two years after the accident occurred.  Plaintiff's motion to amend was not filed until September 1, 2023.

To overcome the statute of limitations, Simmons must show that the complaint relates back under Fed. R. Civ. P. 15(c).  Rule 15(c)(1)(A) provides that an amendment relates back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back."  Under Pennsylvania law, "[a] plaintiff may not amend a pleading to add a new and distinct party once the statute of limitations has

---

[3] *Id.* ¶ 3.

[4] *Id.* ¶ 8.

[5] *Id.*

[6] *Id.* ¶ 10.

2

expired." *Phillips v. Lock*, 86 A.3d 906, 915 (Pa. Super. Ct. 2014) (internal citation omitted). Thus, the amended complaint cannot "relate back" under Rule 15(c)(1)(A).

Simmons contends that Fed. R. Civ. P. 15(c)(1)(B) allows relation back. The Rule provides that an amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Simmons ignores the requirements of Fed. R. Civ. P. 15(c)(1)(C) that apply when the amendment is sought to name a party against whom a claim is asserted.

Before an amended complaint naming a new defendant can relate back, three conditions must be satisfied: (1) the claim against the party to be added must have arisen out of the same conduct, transaction, or occurrence as in the original pleading; (2) the new party must have received notice of the commencement of the action within the 90-day period for service of the summons and complaint so that the party will not be prejudiced in maintaining a defense on the merits; and (3) the new party must have known, or should have known, within the same time period that, but for a mistake made by the plaintiff concerning the party's identity, the action would have been brought against the party in the first place. Fed. R. Civ. P. 15(c)(1)(B)-(C); *Moore v. Doe*, No. CV 21-05302, 2023 WL 1766262, at *3 (E.D. Pa. Feb. 3, 2023) (citing *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 194 (3d Cir. 2001) (quotation marks and citations omitted)).

The claim asserted against Hill "arose out of the conduct, transaction, or occurrence set forth ... in the original pleading." But, Simmons has not satisfied the notice requirement. Hill did not receive notice within 90 days after the original complaint was filed. Notice of the events underlying the claim alone is not sufficient. Notice that the

plaintiff has started an action is required. *Montanez v. York City, Pa.*, No. 1:12-CV-1530, 2014 WL 671433, at *4 (M.D. Pa. Feb. 20, 2014) (citing *Singletary*, at 195). Thus, to satisfy the notice requirement, the plaintiff must show that the intended defendant knew or should have known that he could have been named as a defendant in the pending action. *See id*.

Notice may be actual or constructive. There are two methods of imputing notice under Rule 15(c)(1)(C). They are the shared attorney method and the identity of interest method. The former "is based on the notion that when the originally named party and the parties sought to be added are represented by the same attorney, 'the attorney is likely to have communicated to the latter party that he may very well be joined in the action.'" *Garvin v. City of Philadelphia,* 354 F.3d 215, 222-23 (3d Cir. 2003) (internal citation omitted). The latter arises where "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* at 223 (internal citation omitted).

Neither form of notice was given here. Hill does not share an attorney with Webb or Home Depot. Nor was he so closely related to Webb or Home Depot that they would have notified him of the suit. They have no common enterprise and are not related. Hence, Hill did not receive constructive notice of the lawsuit within 90 days of the filing of the complaint under either the shared attorney method or the identity of interest method.

Simmons has not demonstrated that Hill "knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). A plaintiff's lack of information regarding a particular defendant's identity is considered a "mistake" within the meaning of Rule

15(c).  *Buchanan v. W. Whiteland Twp.*, No. CIV. A. 08-0462, 2008 WL 4613078, at *2 (E.D. Pa. Oct. 15, 2008) (citing *Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171, 175 (3d Cir. 1977)).  However, Rule 15(c) does not allow a plaintiff, who ignores or fails to respond in a reasonable fashion to notice of a potential party, to add that party to the litigation after the statute of limitations has expired.  See *Mathai v. Catholic Health Initiatives, Inc.*, No. CIV. A. 00-656, 2000 WL 1716747, *3 (E.D. Pa. Nov. 16, 2000); *see also Buchanan*, at *2.

Simmons contends that he did not name Hill earlier because counsel for Home Depot did not provide information identifying Hill until two days after the statute of limitations had expired.  He does not explain why he did not attempt to identify Hill earlier.

Simmons filed his first action on July 29, 2022.[7]  On November 4, 2022, after Simmons filed a motion for default against Home Depot, we dismissed the Complaint without prejudice for his failure to properly serve the complaint on Home Depot.[8]  On December 1, 2022, Webb filed an answer denying that she was operating the Home Depot rental vehicle.[9]  Without explanation, Simmons voluntarily dismissed the action on December 9, 2022.[10]  Seven months later, on July 10, 2023, he filed a second action in state court against the same defendants based on the same factual allegations.  The case was removed to this court on August 9, 2023.[11]

Simmons had more than seven months to investigate the identity of the person

---

[7] *Simmons v. Webb et. al.*, No. 2:22-cv-2981 (E.D. Pa. filed July 29, 2022).

[8] Order that Complaint is Dismissed without Prejudice as To Defendant Home Depot USA, Inc., No. 2:22-cv-2981, ECF No. 16.

[9] Def.'s Answer, No. 2:22-cv-2981, ECF No. 20.

[10] Stipulation of Dismissal, No. 2:22-cv-2981, ECF No. 25.

[11] Notice of Removal, ECF No. 1.

who had the truck when the accident actually occurred. He was aware of the time differences between when the accident occurred and when it was reported to have occurred. Despite Webb's denial that she was the driving the truck at the time of the alleged accident, Simmons failed to investigate the identity of the driver for seven months. In the meantime, the statute of limitations expired.

## Conclusion

Pennsylvania law does not allow an amendment to relate back after the statute of limitations has expired. Even if it did, the plaintiff has not shown that the proposed defendant had the requisite notice under Rule 15(c)(1)(B)-(C). Therefore, we shall deny the motion.